OPINION OF THE COURT
Memorandum.
Ordered that the order is affirmed, without costs.
On June 13, 1990, plaintiff purchased from defendant bank three $1,000 personal money orders. The money orders were all made payable to the order of plaintiff, and all were signed by him as remitter. All contained language requiring presentation within 90 days of the date of issuance. Twenty-one years later, in August 2011, plaintiff deposited the money orders into his account with Bridgehampton National Bank, and they were returned to him as “stale dated.” Plaintiff claims that, on September 13, 2011, he demanded that defendant reissue the money orders or refund the $3,000 to him, but defendant refused his request. This action was commenced on January 12, 2012 to recover the principal sum of $3,000, based on defendant’s “September 19, 2011 refusal to reissue or refund stale money orders.”
Defendant moved to dismiss the complaint, alleging, among other things, that the action was time-barred because the statute of limitations for an underlying contractual claim regarding defendant’s obligation to pay the money orders would, at most, be six years from the date of issuance of the money orders on June 13, 1990 (see CPLR 213 [2]). In opposition to defendant’s motion, plaintiff contended that this was a money action “on an account, to collect an account, not an action to enforce a negotiable instrument,” and reference must therefore be made to CPLR 206 (d), which provides that “the time within which the action must be commenced shall be computed from the time of the last transaction in the account on either side.” According to plaintiff, the action was not time-barred since the six-year statute of limitations was computed from plaintiffs September 13, 2011 demand upon defendant.
By order entered July 30, 2012, the Justice Court granted defendant’s motion to dismiss the complaint, finding that this was a contractual claim and that the statute of limitations had begun *13 to run on June 13, 1990, the date of plaintiffs purchase of the personal money orders, which was more than 20 years before the commencement of this action. The court further found that plaintiffs reliance upon CPLR 206 (d) was misplaced since the relief sought by plaintiff did not, as plaintiff claimed, arise from defendant’s failure to take action on plaintiffs account.
We agree with the Justice Court that CPLR 206 (d) is not applicable to this case since this is not “an action based upon a mutual, open and current account, where there have been reciprocal demands between the parties” such that the limitation period does not begin to run until “the time of the last transaction in the account on either side.” Regardless of how plaintiff denominates his cause of action, he is seeking relief based upon an alleged underlying contractual claim regarding defendant’s obligation to refund to him the amounts paid for such money orders. As plaintiff did not commence this action until January 12, 2012, which was more than 21 years after the date of issuance of the money orders, the Justice Court did not err in finding that this action is time-barred (see CPLR 213 [2]) and in granting defendant’s motion to dismiss the complaint.
Accordingly, the order is affirmed.
LaSalle, J.P, Nicolai and Iannacci, JJ, concur.